# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:18-cv-05923-JAK-KES | Date: July 11, 2018 |

Title: TOMMY VARNADO v. UNKNOWN

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order Dismissing Complaint with Leave to Amend (Dkt. 1)

On July 6, 2018, the Court received a filing from Tommy Varnado ("Plaintiff"), an inmate in the custody of the state of California. (Dkt. 1.) Plaintiff alleges that he is a "gay gang member" who, on December 11, 2016, "sustained serious injur[ies]" after he was "attacked by 7 other inmates who do[] not approve of that kind of lifestyle…." (Id. at 1.) He appears to allege that, prior to this incident, he sought placement in protective custody due to his sexual orientation, but prison officials denied his request "because they felt [he] was not living a gay enough life style…." (Id. at 1,3.) He appears to be alleging that this denial violated his constitutional rights and asks the Court to "send [him] the paperwork needed to file a pro se claim…." (Id. at 4.)

Under 28 U.S.C. § 1915A(a), the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity." The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Insofar as Plaintiff's filing is intended as a civil rights complaint under 42 U.S.C. § 1983, it currently fails to state a claim because it is unclear what claims Plaintiff is attempting to bring against what Defendants. Because Plaintiff may be able to file a First Amended Complaint stating viable claim(s) for relief, the Court will grant him leave to amend. See Lopez v. Smith,

203 F.3d 1122, 1130-31 (9th Cir. 2000) (holding that leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se).

IT IS HEREBY ORDERED that the complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE and with leave to amend. Plaintiff has until **August 13, 2018** to file a First Amended Complaint.

If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case (2:18-cv-05923-JAK-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits). **If Plaintiff fails to timely file a First Amended Complaint, this action may be dismissed for lack of diligent prosecution.**

IT IS FURTHER ORDERED that, **on or before August 13, 2018**, Plaintiff shall either pay the filing fee of $400 or file an application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Any IFP application should be accompanied by a certified copy of Plaintiff's prisoner trust account statement for the last six months.

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for federal civil rights complaints and the corresponding instructions, as well as Form CV-60P for seeking IFP status.

Initials of Deputy Clerk: DV